HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YAHYA NAWABI,<br><br>Defendant. | Case No. CR06-5635RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion for Reconsideration Re: Motion to Modify Terms of Release [Dkt. #132]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

The defendant is charged by way of a Second Superseding Indictment with Conspiracy to Commit Wire Fraud, Money Laundering, and to make False Statements to the FBI (Count 1); Wire Fraud (Counts 2 and 5); Money Laundering (Counts 3 and 4); and, Obstruction of Justice (Count 7). The Second Superseding Indictment also seeks the forfeiture of over $244,000.00 and any interest in Luckey's Liquor and Deli, a liquor store in California allegedly purchased with funds derived from the defendant's allegedly illegal acts. According to the government's calculations, if convicted, the defendant faces a guidelines sentence of 121 to 151 months.

Defendant was arrested in California and appeared in the U.S. District Court for the Central District of California on September 19, 2006. The Court set conditions of release including the posting of a surety

ORDER
Page - 1

1  bond in the amount of $125,000 (later lowered to $110,000). Although he apparently did not satisfy the surety
2  conditions of his California bond, the defendant was released and appeared voluntarily in this district on
3  October 2, 2006. Magistrate Judge J. Kelley Arnold set conditions of release in this district to include a
4  $125,000 cash bond. The defendant has never posted that cash, and now continues to seek to remove the
5  condition that he do so.

6  On April 9, 2008 this Court conducted a hearing on Defendant's Motion for Review of Conditions of
7  Release. At the hearing, the Court denied the motion without prejudice and informed the defendant that he
8  could renew the motion and present further evidence. The motion now before the Court is defendant's attempt
9  to present further evidence as to why the cash bail condition should be removed and he be released on his own
10  recognizance.

11  The Bail Reform Act of 1984, 18 U.S.C. §3142, et seq. "requires the release of a person facing trial
12  under the least restrictive condition or combination of conditions that will reasonably assure the appearance
13  of the person as required and the safety of the community." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th
14  Cir. 1992); 18 U.S.C. §3142(e). In determining whether there are conditions of release that will assure the
15  defendant's appearance and the safety of the community, the statute mandates that the Court consider four
16  factors: (1) the nature and seriousness of the crime charged; (2) the weight of the evidence against the
17  defendant; (3) the history and characteristics of the defendant; and, (4) the nature and seriousness of the danger
18  to any person or the community that would be posed by the defendant's release. 18 U.S.C. §3142(g).

19  A review of the factors demonstrates that the $125,000 cash bail condition is the least restrictive
20  condition that will reasonably assure the defendant's appearance at trial and the safety of any other person and
21  the community. Although the crimes charged - - essentially fraud-based - - are not crimes of violence, there
22  is evidence that the defendant was running his fraudulent scheme while appearing in the Central District of
23  California and was perhaps trying to influence his victims to not talk to the authorities. This indicates to the
24  Court that the defendant poses a potential financial threat to the community. The potential sentence the
25  defendant faces also indicates that this is a serious offense.

26  The evidence against the defendant as detailed in the government's response to defendant's first motion
27  appears to be strong.

28

If released, the defendant intends to live with his mother in Reseda, California. He apparently has strong ties to Southern California. It does not appear that he has drug or alcohol problems or a prior criminal history.

It does appear, however, that the defendant presents a potential danger to the community given the extent of the alleged fraud and the evidence before the Court relating to his alleged obstruction of justice.

In the instant motion, the defendant argues that he needs to be in Southern California to access his evidence and locate potential witnesses. His counsel indicates that she will be accompanying him. However, as in the past, the defendant does not indicate what "evidence" he needs to access other than records nor what that evidence will show. Furthermore, the defendant does not identify who the witnesses are that he needs to locate.[1]

The government has met its burden to demonstrate that conditions of release are necessary to assure the appearance of the defendant and safety of any other person and the community. The $125,000 cash bail is the least restrictive condition necessary to achieve this goal. Defendant's Motion for Reconsideration of Order Re: Motion to Modify Terms of Release [Dkt. #132] is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of August, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[1] This disclosure, of course, would be done ex-parte and under seal so as not to prematurely reveal the information to the government.